WINFIELD R. FOX v. JAMES S. CLARK, TREASURER OF THE CITY OF SOMERS POINT.

Argued November 14, 1904—Decided November 18, 1904.

1. Appropriations in cities governed by the act of 1897 (*Pamph. L.*, *p.* 46) may be made by resolution under the act of 1901. *Pamph. L., p.* 184.
2. Bills against the city must be presented to the mayor for his approval, under the act of 1904. *Pamph. L., p.* 259.

---

On rule to show cause why a *mandamus* should not issue.

Before Justices DIXON and SWAYZE.

For the rule, *Clarence L. Cole.*

*Contra, Enoch A. Higbee.*

The opinion of the court was delivered by

SWAYZE, J.   This is an application for a *mandamus* to compel the city treasurer of Somers Point to pay a bill for

supplies for street lighting. The bill has been approved by the city council and a warrant on the treasurer has been issued. The bill has not been presented to the mayor for his approval, he has not signed the warrant and has notified the treasurer not to pay the bill.

The application for a *mandamus* is resisted on two grounds —*first,* because it is said there is no appropriation out of which the bill can be paid; *second,* because the warrant is not signed by the mayor, and the bill has not been presented to him for his approval.

The first objection rests upon the view that appropriations in cities governed by the act of 1897 (*Pamph. L., p.* 46), must be made by ordinance, and not by resolution. But the act of 1901 (*Pamph. L., p.* 184), which by its terms applies to all cities, provides that appropriations shall be made by resolution or ordinance. The later act must govern the case. There is no force in this objection.

The second objection rests on the act of 1904. *Pamph. L., p.* 259. Section 3 requires warrants to be signed by the mayor in cases where the common council or other body having charge of the finances of "any such municipality" shall not designate the officers to sign. The council of Somers Point has not designated the officer to sign. Section 4 requires bills to be presented to the mayor for his approval. It is argued that the use of the word "such" in these two sections limits their application to cities in which, prior to the passage of the act, money was received by municipal boards or departments. But there is no attempt in sections 1 and 2 to limit the applicability of the act, nor to create any class except the general class "cities in this state." The word "such," in sections 3 and 4, naturally refers to the words "cities in this state," in section 1. Sections 3 and 4 are applicable to Somers Point.

Since the bill was not presented to the mayor for approval, and the warrant was not signed by him, the application for a *mandamus* must be denied, with costs.